1  RICHARD D. WILLIAMS (SBN 58640)   MANDATORY CHAMBER COPY
   rwilliams@lwmpartners.com
2  MINA HAKAKIAN (SBN 237666)
   mhakakian@lwmpartners.com
3  LYTTON WILLIAMS MESSINA &
   HANKIN LLP
4  1801 Century Park East, Suite 1450
   Los Angeles, California 90067
5  Tel.: (310) 982-2733; Fax: (310) 277-5952      **NOTE CHANGES MADE BY THE COURT**

6  Attorneys for Plaintiff,
   **BRAND TARZANA SURGICAL**
7  **INSTITUTE, INC.**

8  **PHILIP C. MONRAD (SBN 151073)**        **D. WARD KALLSTROM (SBN**
   e-mail: pmonrad@leonardcarder.com        **76937)**
9  **LINDSAY R. NICHOLAS (SBN 273063)**     e-mail: wkallstrom@seyfarth.com
   e-mail: lnicholas@leonardcarder.com      **KATHLEEN CAHILL SLAUGHT**
10 **EMILY M. MAGLIO (SBN 267190)**         **(SBN 168129)**
   e-mail: emaglio@leonardcarder.com        e-mail: kslaught@seyfarth.com
11 **LEONARD CARDER LLP**                   **SEYFARTH SHAW LLP**
   1188 Franklin Street, Suite 201          560 Mission Street, 31st Floor
12 San Francisco, CA 94109                  San Francisco, California 94105
   Telephone: (415) 771-6400                Telephone:  (415) 397-2823
13 Facsimile: (415) 771-7010                Facsimile:  (415) 397-8549

14                                          **M'ALYSSA MECENAS (SBN**
15 Attorneys for Defendant,                 **272075)**
   **ILWU-PMA WELFARE PLAN**                mmecenas@seyfarth.com
16                                          **SEYFARTH SHAW LLP**
                                            2029 Century Park East, Suite 3500
17                                          Los Angeles, California 90067-3021
                                            Telephone:  (310) 277-7200
18                                          Facsimile:  (310) 201-5219

19                    UNITED STATES DISTRICT COURT
20                   CENTRAL DISTRICT OF CALIFORNIA

21  BRAND TARZANA SURGICAL          Case No. CV 2:14-3191 FMO
    INSTUTITE,                      (AGRx)
22
          Plaintiff,                **STIPULATED PROTECTIVE**
23                                  **ORDER RE PRODUCTION AND**
       v.                           **USE OF CONFIDENTIAL**
24                                  **DOCUMENTS AND**
    INTERNATIONAL LONGSHORE &       **[PROPOSED] ORDER**
25  WAREHOUSE UNION - PACIFIC
    MARITIME ASSOCIATION WELFARE
26  PLAN; and DOES 1 through 10,
27        Defendants.
28

Plaintiff Brand Tarzana Surgical Institute, Inc. ("Brand") and Defendant International Longshore & Warehouse Union-Pacific Maritime Association Welfare Plan (the "Plan") (together, the "Parties"), by and through their counsel of record, hereby stipulate as follows:

1. Definitions.

   a. "Action" shall refer to the above-titled action, United States District Court, Central District of California, Case No. CV 2:14-3191 FMO (AGRx).

   b. "Confidential Material" shall mean Material (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that identifies a Plan participant or beneficiary in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. Confidential Material includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests for information or documentation related to a Plan participant or beneficiary, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include Confidential Material. Confidential Material is intended to encompass all documents or information regarding individuals subject to the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act, or other similar statutory or regulatory privacy protections. Confidential Material shall include, but is not limited to, records that contain any of the following participant, patient, or member identifiers:

(1) names;
(2) all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
(3) all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
(4) telephone numbers;
(5) fax numbers;
(6) electronic mail addresses;
(7) social security numbers;
(8) medical record numbers;
(9) health plan beneficiary numbers;
(10) account numbers;
(11) certificate/license numbers;
(12) vehicle identifiers and serial numbers, including license plate numbers;
(13) device identifiers and serial numbers;
(14) web universal resource locators ("URLs");
(15) internet protocol ("IP") address numbers;
(16) biometric identifiers, including finger and voice prints;
(17) full face photographic images and any comparable images; and
(18) any other unique identifying number, characteristic, or code.

c. "Designating Person" shall refer to a Person (including a Party) that designates Material as "Confidential" under this Order.

d. "Material" shall mean all documents, electronically stored information, testimony and discovery responses, including all copies, excerpts and

1 summaries thereof, relating to this case.

2     e.    "Party" or "Parties" shall refer to any party to this action,
3 including all counsel (and their support staff).

4     f.    "Person" shall refer to and include (a) all Parties to the Action;
5 and (b) any other person receiving, producing or disclosing Material in the Action.

6     g.    "Plan" shall refer to the ILWU-PMA Welfare Plan.

7     h.    "Producing Person" shall refer to a Person (including a Party)
8 that produces Material in the Action.

9     i.    "Receiving Person" shall refer to a Person (including a Party)
10 that receives Material from a Producing Person.

11     j.    "Order" shall refer to this Protective Order.

12   2.    This Order shall govern the handling of all Material provided during
13 the course of the Action either voluntarily, as initial disclosures or in response to
14 discovery requests made pursuant to the Federal Rules of Civil Procedure, or as
15 required or permitted by Court order. The provisions of this Order shall apply to
16 any ~~Person~~ party to this action. [AGR]

17   3.    All Material shall be used only for the purpose of preparing for, and
18 conducting the Action, including any appeals thereof, and shall not be used by the
19 Parties ~~or any other person~~ for any other purpose. The Court reserves the right to
20 modify this Order for good cause shown.

21   4.    All Material produced in the Action, whether voluntarily or as
22 required by Court order or under the Federal Rules of Civil Procedure, if such
23 documents or things contain Confidential Material, shall bear a stamp stating
24 "Confidential" on each page of any such document or on a sticker affixed to any
25 such tangible thing. It shall be the responsibility of the Producing Person to cause
26 all Confidential Material to be stamped by the time such Confidential Material is
27 produced.

28   5.    Information or testimony disclosed at a deposition may be designated

as Confidential Material by the person providing such testimony, by a Party, or by a Producing Person, if such person either:

    a.    identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material; or

    b.    provides written notification to all Parties within 30 calendar days of receipt of the transcript of the deposition specifying those pages and lines of the transcript that are designated as Confidential Material.

The entire transcript of any deposition shall be treated as Confidential Material until 30 calendar days after the conclusion of the deposition. Each page of deposition transcript designated as Confidential Material shall be stamped, as set forth in paragraph 4 above, by the court reporter or counsel.

6. Each Party and each Producing Person shall have 20 business days from the actual receipt of any Material to designate any such Material as "Confidential." During this 20-business day period, any person receiving any such Material shall treat that Material as "Confidential" under the terms of this Order.

7. Any Material designated as "Confidential" in accordance with this Order also will render "Confidential" any copies, excerpts, summaries or other documents reflecting or referring to the substance or contents of such Material.

8. Any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, within ten (10) business days of production of such document (or such other time as may be agreed), provided that such document contains Confidential Information of a designating Party and was given to the non-Party on a confidential basis.

9. Confidential Material shall be subject to the following restrictions:

    a.    Confidential Material shall not be given, shown, made available or communicated in any way by the Receiving Party to anyone except those persons specified in subparagraph 9(b) below to whom it is necessary that such Confidential Material be given or shown for the purpose permitted under paragraph

3 above.

b. Except as ordered by the Court, Confidential Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows:

(1) counsel of record for the Parties, and attorneys, clerical, paralegal and other staff employed by such counsel, including any outside vendor providing litigation support or photocopying services, who are assisting in the conduct of the Action;

(2) the Parties;

(3) witnesses and their counsel (other than Parties) in connection with or at any interview, deposition or hearing in the Action, subject to paragraph 10, below;

(4) such consultants and experts retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action, subject to paragraph 10, below;

(5) the Court, court personnel, potential jurors, jurors or alternate jurors; and

(6) court reporters and their employees used in connection with the conduct of the Action.

10. Each Qualified Person described in paragraph 9(b)(iii) or 9(b)(iv), above, to whom Confidential Material is disclosed shall first be provided with a copy of this Order and advised that such Confidential Material is being disclosed pursuant to and subject to the terms of this Order and that Confidential Material may not be disclosed other than pursuant to the terms hereof. It shall be the responsibility of counsel providing such access to provide to each person to whom Confidential Material is disclosed a copy of this Order. Prior to disclosing Confidential Material to each person described in subparagraph 9(b)(4), above, counsel shall cause each such person to execute a certificate in the form attached as

Exhibit A to this Order. Counsel disclosing Confidential Material to persons under subparagraph 9(b) shall be responsible for holding executed certificates.

11. No Material that has been designated "Confidential" by this Order, by any Party or by any Producing Person shall be filed, independently or as an attachment or exhibit to any other document, in the public court file except as provided in Civil Local Rule 79-5 and the Honorable Fernando M. Olguin's Sealed Documents Pilot Program.

12. In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in subparagraph 9(b), above, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 4 of this Order.

13. No Party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect confidential information or has been properly designated as Confidential Material. There shall be no prejudice to the right of a Party to seek a determination by the Court of whether any particular document or information should be subject to the terms of this Order.

14. Unless a prompt challenge to a Designating Person's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

15. Meet and Confer. A Party that elects to initiate a challenge to a Designating Person's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Person. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Person

7

an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

16. **Judicial Intervention.** A Party who elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Person may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5 and the Honorable Fernando M. Olguin's Sealed Documents Pilot Program, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Person in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Person. *Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Person's designation.

17. Subject to paragraph 3, above, should any non-party seek access to Confidential Material, by request, subpoena or otherwise, the Party or other recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Material of such requested access. If any Receiving Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this Action seeking Material which was produced and designated as Confidential, the Receiving Person shall give written notice, by hand, e-mail, or facsimile transmission, within five business days of receipt of such subpoena,

demand or legal process, to those who produced and/or designated the Material. The Receiving Person shall not produce any of the Producing Person's Confidential Material, unless ordered by a court to do so, until the later of (i) at least ten business days after providing the required notice to the Producing Person, or (ii) the date of production specified in, or required by, the subpoena, demand or other legal process. The Producing Person shall be solely responsible for asserting any objection to the requested production.

18. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of the Action, including any appeals. However, when offered in evidence at trial, Confidential Material will become available to the public, unless ~~good~~ sufficient cause is shown in advance of the scheduled trial date to proceed otherwise. [AGR] [ex 2] In order to permit a Designating Person to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to counsel for the Designating Person at least sixty (60) calendar days before trial. Any party may then move the Court in advance of the trial for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure pursuant to applicable federal and local rules. The Court will determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection may be afforded to such Material at trial.

19. Within thirty calendar days after the conclusion of the Action, including all appeals, all Confidential Material, copies thereof and documents reflecting such Confidential Material (other than materials contained in the court's unsealed / non-sealed records) shall be returned to the Producing Person who produced such Confidential Material or destroyed, at the discretion of the Producing Person.

20. The Court retains jurisdiction for a period of 6 months after

1  termination of this action, to enforce the terms of this order or to make such
2  amendments, modifications, or additions to this Order as it may from time to time
3  deem appropriate or may consider upon the motion of any party.

4      21. The protection of Confidential Material at trial will be addressed in
5  the pre-trial order.

6      22. Any inadvertent disclosure or production of documents protected by
7  the attorney-client privilege or work-product protection shall not constitute a
8  waiver of either any available privilege or protection by the disclosing party. In the
9  event that the Receiving Party discovers that it has received either attorney-client
10 privilege or work-product protected documents, it shall bring that fact to the
11 attention of the Producing Party immediately upon that discovery. Upon the
12 request of the Producing Party, the Receiving Party will promptly disclose the
13 names of any individuals who have read or have had access to the attorney-client
14 privilege or work-product protected document. No such inadvertently produced
15 attorney-client privilege or work-product protected document may be used in
16 evidence against the Producing Party.

17     23. In the event that any party discovers that any Confidential Material
18 has been disclosed to any person not entitled under this Protective Order to receive
19 such information, the Party, upon discovering the unauthorized disclosure, shall
20 immediately (a) inform the other party of the circumstances of the disclosure; (b)
21 inform the receiving person or entity of the existence and terms of this Protective
22 Order; (c) make its best efforts to retrieve any unauthorized disclosed documents
23 or Materials; and (d) make its best efforts to obtain an undertaking in the form
24 attached hereto from the person who was not entitled to receive such information.
25 Such unauthorized disclosure shall not cause the disclosed information to lose its
26 confidential status.

27     24. The inadvertent failure to designate information under this Stipulated
28 Protective Order prior to or at the time of disclosure shall not operate as a waiver

1  of the Producing Party's right to designate such information under this Order so
2  long as such Party takes steps to correct the designation of such information within
3  a reasonable time and as set forth in paragraph 4.
4  In the event that Confidential Material is designated as Confidential after
5  production, the Receiving Party shall employ reasonable efforts to ensure that any
6  inadvertently disclosed information is subsequently treated as required pursuant to
7  the terms of this Order.
8  **IT IS SO STIPULATED.**

10 DATED: July 9, 2014         LYTTON WILLIAMS MESSINA &
                               HANKIN LLP

12                      By:    /s/Richard D. Williams
                               Richard D. Williams
13                             Mina Hakakian

15                             *Attorneys for Plaintiff*
                               Brand Tarzana Surgical Institute, Inc.

17 DATED: July 9, 2014         SEYFARTH SHAW LLP

18                      By:    /s/   D. Ward Kallstrom
19                             D. Ward Kallstrom
                               Kathleen Cahill Slaught
20                             M'Alyssa C. Mecenas

22 DATED: July 9, 2014         LEONARD CARDER LLP

23                      By:    /s/   Philip C. Monrad
24                             Philip C. Monrad
                               Lindsay R. Nicholas
25                             Emily M. Maglio

27                             *Attorneys for Defendant*
                               ILWU-PMA Welfare Plan

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: Aug. 25, 2014

*Alicia G. Rosenberg*

The Honorable ~~Fernando M. Olguin~~ Alicia G. Rosenberg
U.S. ~~District Court~~ Judge Magistrate

Case 2:14-cv-03191-FMO-AGR   Document 21   Filed 07/10/14   Page 13 of 13   Page ID #:936
Case 2:14-cv-03191-FMO-AGR   Document 31   Filed 08/25/14   Page 13 of 13   Page ID #:1515

# EXHIBIT A

I, _____, do hereby certify that I have been provided with a copy of the Protective Order in the action captioned *Brand Tarzana Surgical Institute, Inc. v. International Longshore & Warehouse Union-Pacific Martime Association Welfare Plan, et al.*, that I have reviewed said Protective Order, and that I agree to be bound by the terms and conditions set forth therein and consent to the exercise of jurisdiction of the United States District Court for the Central District of California in connection with any proceedings relating to the Protective Order.

Executed this \_\_\_\_ (day) of _____ (month), _____ (year).

_____
Signature

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. CV14-3191 FMO(AGRx)