RICHARD D. WILLIAMS (SBN 58640)
rwilliams@lwmpartners.com
MINA HAKAKIAN (SBN 237666)
mhakakian@lwmpartners.com
LYTTON WILLIAMS MESSINA & HANKIN LLP
1801 Century Park East, Suite 1450
Los Angeles, California 90067
Tel.: (310) 982-2733; Fax: (310) 277-5952

Attorneys for Plaintiff,
BRAND TARZANA SURGICAL INSTITUTE, INC.

PHILIP C. MONRAD (SBN 151073)
pmonrad@leonardcarder.com
LINDSAY R. NICHOLAS (SBN (273063)
lnicholas@leonardcarder.com
EMILY M. MAGLIO (SBN 267190)
emaglio@leonardcarder.com
LEONARD CARDER LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel.: (415)771-6400; Fax: (415) 771-7010

Attorneys for Defendant,
ILWU-PMA WELFARE PLAN

D. WARD KALLSTROM (SBN 76937)
wkallstrom@seyfarth.com
KATHLEEN CAHILL SLAUGHT
(SBN 168129)
kslaught@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105
Tel.: (415) 397-2823
Fax: (415) 397-8549

M'ALYSSA MECENAS (SBN 272075)
E-mail: mmecenas@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

NOTE CHANGES MADE BY THE COURT.

Mandatory Chamber Copy

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRAND TARZANA SURGICAL INSTITUTE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION WELFARE PLAN; and Does 1 through 10,<br><br>Defendants. | Case No. CV 2:14-3191 FMO (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL BUSINESS MATERIAL; [PROPOSED] ORDER**<br><br>Date Action Filed:  April 25, 2014<br><br>NOTE CHANGES MADE BY THE COURT. |

In the interest of ensuring an efficient and prompt resolution of the above entitled action and of protecting confidential information from improper disclosure, Plaintiff Brand Tarzana Surgical Institute, Inc. ("Brand") and Defendant International Longshore & Warehouse Union-Pacific Maritime Association Welfare Plan (the "Plan"); (herein collectively referred to as the "Parties"), by and through their counsel of record, hereby stipulate to the following Protective Order, subject to approval and entry of order by the Court pursuant to Federal Rule of Civil Procedure 26 (c):

1. Definitions:

   a) "Action" means the above-captioned case pending in this Court, including any related discovery, pretrial, trial, post-trial or appellate proceeding.

   b) "Confidential Business Material" shall mean Material (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that reflect information of a proprietary business or confidential nature and which the Designating Person (including any Party, TC3, or Zenith) would not normally reveal to competitors, potential competitors or third parties or which the Designating Person (including any Party, TC3, or Zenith) would cause third parties to maintain in confidence, or documents and/or information that any of the Parties believe to constitute or contain trade secrets, proprietary information, confidential research, development, testing, or commercial information, or other similar information that warrants confidential treatment. "Confidential Business Material" includes, but is not limited to: private or confidential data about specific customers or employees, or former customers or employees of the Designating Party, the Designating Party's vendors, or other related entities; documents and/or information concerning aspects of the

Designating Party, the Designating Party's vendors', or other related entities' business not known to the general public; documents and/or information concerning the relevant entity's policies, practices and/or procedures or other internal operational matters; documents and/or information concerning the relevant entity's finances except as generally available to the public; any other similar information concerning the relevant entity's business; and any summaries or compilations of the information contained in the aforementioned documents, to the extent that such summaries or compilations themselves include Confidential Business Material: all contracts and agreements between and among the Plan, Zenith and TC3 with respect to welfare benefit servicing and claim handling in connection with claims for benefits of the sort asserted by Brand in this case; and all memoranda, correspondence, emails or other documents which reflect, refer or relate to any such contracts and agreements.

c) "Designating Person" shall refer to a Person (including a Party) that designates Material as "Confidential" under this Order.

d) "Material" shall mean all documents, electronically stored information, testimony and discovery responses, including all copies, excerpts, and summaries thereof, relating to this case.

e) "Order" shall refer to this Stipulated Protective Order.

f) "Party" or "Parties" mean any party to this action, including all counsel and their support staff.

g) "Person" shall refer to and include:

   (a)   all Parties to the Action; and

   (b)   any other person or entity receiving, producing or disclosing Confidential Business Material in the Action.

h) "Plan" Shall refer to the ILWU-PMA Welfare Plan.

i) "Producing Person" shall mean and refer to a Person (including a Party) that produces Confidential Business Material.

j) "Receiving Person" shall mean and refer to a Person (including a Party) that receives Confidential Business Material from a Producing Person.

k) "TC3" shall refer to TC3 Health, Inc. and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

l) "Zenith" shall refer to Zenith American Solutions and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

2. This Order shall govern the handling of all Confidential Business Material produced during the course of the Action voluntarily, or in response to any discovery request made pursuant to the Federal Rules of Civil Procedure, or as required or permitted by Court order. The provisions of this Order shall apply to any Party to this Action or any other Person or entity that produces Confidential Business Material during the course of this Action.

3. All Confidential Business Material shall be used only for purposes of preparing for, and conducting the Action, including any appeals thereof, and shall not be used by the Parties for any other purposes. The Court reserves the right to modify this Order for good cause shown.

4. All Material produced in the Action, if such Material contains Confidential Business Material, shall bear a stamp stating "Confidential" on each page of any such document or on a sticker affixed to any such tangible thing. It shall be the responsibility of the Producing Person to cause all Confidential Business Material to be stamped by the time such Confidential Business Material is disclosed.

5. Any copies, excerpts, summaries or other documents reflecting or referring to the substance or contents of Confidential Business Material shall be designated as Confidential in accordance with this Order.

6. Except as otherwise provided in this Order, all Confidential Business Material shall be subject to the following restrictions:

    a. The Confidential Business Material shall not be given, shown, made available or communicated in any way by the Receiving Person to anyone except those persons specified in subparagraph 6(b) below to whom it is necessary that such Confidential Business Material be given or shown for the purpose permitted under paragraph 3 above.

    b. Except as ordered by the Court, Confidential Business Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows and subject to the provisions set forth in paragraph 7 below:

        i. The Parties;

        ii. Counsel of record for each Party, including attorneys, clerical, paralegal, and other staff employed by such counsel, and including any outside vendors providing litigation support or photocopying services, who are assisting in the conduct of the Action (counsel's signature to this Stipulated Protective Order shall be deemed to fulfill all signature requirements of this Order for counsel and the represented Party).

        iii. Witnesses and their counsel (other than Parties) in connection with or at any interview, deposition or hearing in the Action, subject to paragraph 7 below;

        iv. Such consultants and experts retained by the Parties, or their respective counsel, as they in good faith deem necessary to

provide assistance in connection with the conduct of the Action, subject to paragraph 7 below;

  v. The Court, court personnel, potential jurors, jurors, or alternate jurors; and

  vi. Court reporters and their employees used in connection with the conduct of the Action.

7. Each Qualified Person described in subparagraph 6-(b)-(iii) or 6(b)(iv), above to whom Confidential Business Material is disclosed shall first be provided with a copy of this Order and advised that such Confidential Business Material is being disclosed pursuant to and subject to the terms of this Order and that the Confidential Business Material may not be disclosed other than pursuant to the terms hereof. It shall be the responsibility of counsel providing access to each Person to whom Confidential Business Material is disclosed with a copy of this Order. Counsel shall also cause each person described in subparagraph 6(b)(iii) or 6(b)(iv) above to execute a certificate in the form attached as Exhibit A to this Order prior to disclosing any Confidential Business Material and shall be responsible for holding the copy of the executed certificate.

8. Information or testimony disclosed at a deposition may be designated as Confidential Business Material by the Person providing such testimony, by a Party, or by a Producing Person, if such Person either:

  a) Identifies on the record at the deposition those portions of the testimony that are designated as Confidential Business Material; or

  b) Provides written notification to all Parties within 30 calendar days of receipt of the transcript of the deposition specifying those pages and lines of the transcript that are designated as Confidential Business Material.

The entire transcript of any deposition shall be treated as Confidential Business Material until 30 calendar days after the conclusion of the deposition. Each page of

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL BUSINESS MATERIAL; [PROPOSED] ORDER

deposition transcript designated as Confidential Business Material shall be stamped, as set forth in paragraph 4 above, by the court reporter or counsel.

9. In the event it becomes necessary at a deposition or hearing to show any Confidential Business Material to a witness, as described in subparagraph 6(b), above, any testimony related to the Confidential Business Material shall be deemed to be Confidential Business Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 4 of this Order.

10. Each Producing Person shall have 20 business days from the date another Person actually receives any Material to designate any such Material as "Confidential." During this 20-business day period, any Person receiving any such Material shall treat that Material as "Confidential" under the terms of this Order.

11. Any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, within ten (10) business days of production of such document (or such other time as may be agreed), provided that such document contains Confidential Business Material of a designating Party and was given to the non-Party on a confidential basis.

12. Material that has been designated "Confidential" by this Order, by any Party or by any Producing Person shall not be filed, independently or as an attachment or exhibit to any other document, in the public court file except as provided in Civil Local Rule 79-5 and the Honorable Fernando M. Olguin's Sealed Documents Pilot Program.

13. No Party concedes that any Material designated by any other Person as Confidential Business Material does in fact contain or reflect confidential information or has been properly designated as Confidential Business Material. There shall be no prejudice to the right of a Party to seek a determination by the Court of whether any particular document or information should be subject to the terms of this Order.

14. Unless a prompt challenge to a Designating Person's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does

1  not waive its right to challenge a confidentiality designation by electing not to mount a
2  challenge promptly after the original designation is disclosed.

3      15.    Meet and Confer. A Party that elects to initiate a challenge to a Designating
4  Person's confidentiality designation must do so in good faith and must begin the process
5  by conferring directly (in voice to voice dialogue; other forms of communication are not
6  sufficient) with counsel for the Designating Person. In conferring, the challenging Party
7  must explain the basis for its belief that the confidentiality designation was not proper
8  and must give the Designating Person an opportunity to review the designated material,
9  to reconsider the circumstances, and, if no change in designation is offered, to explain the
10 basis for the chosen designation. A challenging Party may proceed to the next stage of the
11 challenge process only if it has engaged in this meet and confer process first.

12     16.    Judicial Intervention. A Party who elects to press a challenge to a
13 confidentiality designation after considering the justification offered by the Designating
14 Person may file and serve a motion under Civil Local Rule 37 (and in compliance with
15 Civil Local Rule 79-5 and the Honorable Fernando M. Olguin's Sealed Documents Pilot
16 Program, if applicable) that identifies the challenged material and sets forth in detail the
17 basis for the challenge. Each such motion must be accompanied by a competent
18 declaration that sets forth with specificity the justification for the confidentiality
19 designation that was given by the Designating Person in the meet and confer dialogue.
20 The burden of persuasion in any such challenge proceeding shall be on the Designating
21 Person. *Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.
22 2002). Until the Court rules on the challenge, all parties shall continue to afford the
23 material in question the level of protection to which it is entitled under the Producing
24 Person's designation.

25     17.    Subject to paragraph 3 above, should any non-party seek access to the
26 Confidential Business Material, by request, subpoena, or otherwise, the recipient of the
27 Confidential Business Material from whom such access is sought, as applicable, shall
28 promptly notify the Producing Person who produced such Confidential Business Material

of such requested access. If any Receiving Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which he/she or it is a party, or (c) is served with any other legal process by one not a party to this Action seeking Material which was produced and designated as Confidential Business Material, the Receiving Person shall give written notice, by hand, e-mail, or facsimile transmission, within five business days of receipt of such subpoena, demand or legal process, to those who produced and/or designated the Material. The Receiving Person shall not produce any of the Producing Person's Confidential Business Material, unless ordered by a court to do so, until the later of (i) at least ten (10) business days after providing the required notice to the Producing Person, or (ii) the date of production specified in, or required by, the subpoena, demand or other legal process. The Producing Person shall be solely responsible for asserting any objection to the requested production.

18. This Order, insofar as it restricts the communication and use of Confidential Business Material, shall continue to be binding throughout and after the conclusion of the Action, including any appeals. However, when offered in evidence at trial, Confidential Business Material will become available to the public, unless sufficient cause is shown under applicable law in advance of the scheduled trial date to proceed otherwise. In order to permit a Designating Person to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to counsel for the Designating Person at least sixty (60) calendar days before trial. Any party may then move the Court in advance of the trial for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure pursuant to applicable federal and local rules. The Court will determine whether the proffered evidence should continue to be treated as Confidential Business Material and, if so, what protection may be afforded to such Material at trial.

19. Within thirty (30) calendar days after receiving notice of entry of an order, judgment or decree terminating this action and after the conclusion of any appeal, all Confidential Business Material, copies thereof and documents reflecting the Confidential

Business Material (other than materials contained in the court's unsealed/non-sealed records) shall be returned to the Producing Person or shall be destroyed at the discretion of the Producing Person.

20. The court retains jurisdiction for a period of 6 months after termination of this Action, to enforce the terms of this Order to make such amendments, or additions to this Order as it may from time to time deem appropriate or may be appropriate upon a motion by any Party.

21. The protection of Confidential Business Material at trial will be addressed in the pre-trial order.

22. Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection shall not constitute a waiver of either any available privilege or protection by the disclosing party. In the event that the Receiving Party discovers that it has received either attorney-client privilege or work-product protected documents, it shall bring that fact to the attention of the Producing Party immediately upon that discovery. Upon the request of the Producing Party, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product protected document. No such inadvertently produced attorney-client privilege or work-product protected document may be used in evidence against the Producing Party.

23. In the event that any party discovers that any Confidential Business Material has been disclosed to any person not entitled under this Protective Order to receive such information, the Party, upon discovering the unauthorized disclosure, shall immediately (a) inform the other party of the circumstances of the disclosure; (b) inform the receiving person or entity of the existence and terms of this Protective Order; (c) make its best efforts to retrieve any unauthorized disclosed documents or Materials; and (d) make its best efforts to obtain an undertaking in the form attached hereto from the person who was not entitled to receive such information. Such unauthorized disclosure shall not cause the disclosed information to lose its confidential status.

1    24.    The inadvertent failure to designate information under this Stipulated
2  Protective Order prior to or at the time of disclosure shall not operate as a waiver of the
3  Producing Party's right to designate such information under this Order so long as such
4  Party takes steps to correct the designation of such information within a reasonable time
5  and as set forth in paragraph 4.
6  In the event that Confidential Business Material is designated as Confidential after
7  production, the Receiving Party shall employ reasonable efforts to ensure that any
8  inadvertently disclosed information is subsequently treated as required pursuant to the
9  terms of this Order.
10         All other signatories listed, and on whose behalf the filing is submitted, do concur in
11  the filing content and have authorized the filing.

DATED: March 06, 2015          Respectfully submitted,

                               **LYTTON WILLIAMS MESSINA & HANKIN LLP**


                               By: Richard D. Williams
                               _____
                                   Richard Williams, Attorneys for Plaintiff
                                   Brand Tarzana Surgical Institute, Inc.

DATED: March 06, 2015          **SEYFARTH SHAW LLP**


                               By: M'Alyssa C. Mecenas
                               _____
                                   D. Ward Kallstrom
                                   Kathleen Cahill Slaught
                                   M'Alyssa C. Mecenas
                                   Attorneys for Defendant ILWU-PMA
                                   Welfare Plan

11
STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL BUSINESS MATERIAL;
[PROPOSED] ORDER

1  DATED: March 06, 2015          **LEONARD CARDER LLP**

2

3                                 By: Phillip C. Monrad
                                      Phillip C. Monrad
4                                     Lindsay R. Nicholas
                                      Emily M. Maglio
5                                     Attorneys for Defendant ILWU-PMA
                                      Welfare Plan
6

7

8  IT IS SO ORDERED.

9  March 13, 2015            Alicia G. Rosenberg
10                           United States Magistrate Judge

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL BUSINESS MATERIAL; [PROPOSED] ORDER

# EXHIBIT A

I, _____, am employed as _____ (title) by _____ (employer), and I hereby certify that:

1. I have been provided with a copy of the Protective Order re: Production and Use of Confidential Business Material in the action captioned *Brand Tarzana Surgical Institute, Inc. v. International Longshore & Warehouse Union Pacific Maritime Association welfare Plan, et al.*

2. I have read the Protective Order re: Production and Use of Confidential Business Material and understand its terms.

3. I agree to be bound by the terms and conditions of the Protective Order re: Production and Use of Confidential Business Material entered in the above-captioned action.

4. I understand that my failure to abide by the terms of the Protective Order re: Production and Use of Confidential Business Material entered in the above-captioned action will subject me, without litigation, to civil and criminal penalties for contempt of Court.

5. I consent to the jurisdiction of the United States District Court for the Central District of California in connection with any proceedings relating to the Protective Order.

6. I made this certificate this ____ (day) of _____ (month), _____ (year).

_____
(SIGNATURE)